**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RIGOBERTO SANTAOLALLA-DEANDA, AKA Rigoberto Santaolalladeand<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 15-71988<br><br>Agency No. A205-710-484<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Rigoberto Santaolalla-Deanda, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and cancellation of removal, and denying voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part, grant in part, and dismiss in part the petition for review, and we remand.

Santaolalla-Deanda does not challenge the BIA's determination that he waived his challenge to the IJ's asylum time bar determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We do not address the merits of his asylum claim because the BIA did not reach them. *See Santiago-Rodriguez v. Holde*r, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, we deny the petition for review as to Santaolalla-Deanda's asylum claim.

As to withholding of removal, the agency did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal). Thus, we grant the petition for review and remand Santaolalla-Deanda's withholding of removal claim to the agency for further proceedings consistent with this

15-71988

disposition. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam).

As to cancellation of removal, the agency did not have the benefit of *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018) (holding that a notice to appear must include the time and place of removal proceedings to trigger the stop-time rule ending the accrual of continuous presence). Thus, we grant the petition for review and remand Santaolalla-Deanda's cancellation of removal claim to the agency for further proceedings consistent with this disposition. *See Ventura*, 537 U.S. at 16-17.

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

To the extent that Santaolalla-Deanda raises a due process claim based on the IJ's denial of a continuance to present additional witness testimony, that claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Santaolalla-Deanda's removal is stayed pending a decision by the BIA.

The government will bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**

15-71988